IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTUAN V. LITTLE,

                    Plaintiff,                  OPINION AND ORDER

v.

                                                18-cv-900-wmc

WARDEN BRIAN FOSTER,

                    Defendants.

---

*Pro se* plaintiff Antuan Little is proceeding in this lawsuit under 42 U.S.C. § 1983, against defendant Warden Brian Foster, on a First Amendment retaliation claim, based on the allegation that Foster held up Little's transfer to a medium security institution in retaliation for Little pursuing a petition for a writ of habeas corpus. Before the court is defendant Foster's motion to dismiss for improper venue or transfer venue to the Eastern District of Wisconsin. (Dkt. #17.) Since venue in this district court is improper, the court will grant defendant's motion and transfer this case to the Eastern District of Wisconsin.

OPINION

Venue is proper where defendants to a lawsuit reside or where the events giving rise to the claim took place. 28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Defendant does not currently reside in the Western District of Wisconsin, nor did he reside in this district at the time plaintiff filed his complaint. (Toulouse Decl. (dkt.

#18) ¶¶ 3-4.) Moreover, the events giving rise to Little's claim in this lawsuit occurred at Waupun Correctional Institution in Waupun, Wisconsin. Waupun, Wisconsin is located in Dodge County and Fond du Lac County, both of which are in the Eastern District of Wisconsin. 28 U.S.C. § 130(a).

Little does not oppose transfer of this case, but seeks to avoid dismissal for improper venue because he believes that his claims did, in fact, arise in this district. In particular, he points out that his complaint included allegations that certain Jane/John Doe defendants, who worked in Madison, Wisconsin, were involved in the decisions involving his transfer. However, at the screening stage of this lawsuit, the court dismissed those Doe defendants because Little's allegations did not suggest that they were involved in delaying his transfer or knew about his habeas petition. (2/3/22 Op. & Order (dkt. #11) 8-9.) Although Little maintains that he may still amend his complaint to include more specific allegations implicating these dismissed defendants, Little only speculates as to the possibility that he *might* amend his complaint at some future time to include allegations that these unidentified individuals were involved in delaying his transfer. Yet Little offers no factual allegations he intends to include in any amended complaint that might support a constitutional claim for events that occurred within this district, nor does he suggest when he might seek such an amendment. Therefore, as this case currently stands, there is no question that (1) the relevant events giving rise to Little's claim occurred in the Eastern District of Wisconsin, and (2) the only defendant, Foster, resided in the Eastern District of Wisconsin at the time plaintiff filed this lawsuit. Accordingly, the court finds venue improper in the Western District of Wisconsin, and further that transfer, rather than

2

dismissal, serves the interest of justice. Therefore, the court will grant defendant's motion and transfer this case to the Eastern District of Wisconsin.

ORDER

IT IS ORDERED that:

1. Defendant Brian Foster's motion to dismiss or transfer venue (dkt. #17) is GRANTED.

2. This case is TRANSFERRED to the Eastern District of Wisconsin.

Entered this 6th day of June, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge